UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MONTE CARLO LASHONE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:24-cv-00130 SEP |
| | ) | |
| RUTH ANN DICKERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Proceed *in forma pauperis*, Doc. [2], and Plaintiff's Motions to Appoint Counsel, Docs. [3], [13]. For the reasons set forth below, Plaintiff's Motion to Proceed *in forma pauperis*, Doc. [2], is granted, and Plaintiff's Motions to Appoint Counsel, Docs. [3], [13], are denied. Plaintiff shall pay an initial filing fee of $61.32 and file an amended complaint on a Court-provided form.

### INITIAL PARTIAL FILING FEE

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) "the average monthly deposits in the prisoner's account," or (2) "the average monthly balance in the prisoner's account for the prior six-month period." 28 U.S.C. § 1915(a)(2). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to his account. *See id*. The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has submitted his Cape Girardeau County Jail "Resident Activity" account statement for a three-month period. Doc. [8]. A review of Plaintiff's account indicates an average monthly deposit of $6.66 and an average monthly balance of $306.61. Plaintiff has insufficient funds to pay the entire filing fee. Thus, the Court will assess an initial partial filing fee of $61.32, which is 20% of Plaintiff's average monthly balance.

1

**LEGAL STANDARD ON INITIAL REVIEW**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (cleaned up) (quoting *Iqbal*, 556 U.S. at 678); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (court must accept factual allegations in the complaint as true, but is not required to "accept as true any 'legal conclusion couched as a factual allegation'").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Still, even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**THE COMPLAINT**

Plaintiff is a pretrial detainee currently housed at Cape Girardeau County Jail in Jackson, Missouri. He filed the instant action pursuant to 42 U.S.C. § 1983 against 13 individuals: Ruth

2

Ann Dickerson (Sheriff); Richard Russian (Jail Administrator); Nurse Norma Unknown; Nurse Robial; Nurse Melissa Unknown; Nurse Tracy Unknown; Dr. Unknown Pruitt;[1] Unknown Webb (Social Worker); Heather Unknown (Social Worker); Unknown Heath (Sheriff's Deputy); Unknown Ladiner (Lieutenant); Deputy Unknown Mykrick; Deputy Unknown Elfrink. Plaintiff brings his allegations against Defendants Ruth Ann Dickerson and Richard Russian in their individual and official capacities but fails to indicate the capacities under which he is suing the remaining Defendants.

In addition to his complaint filed on June 27, 2024, Plaintiff has filed twelve supplements between July 25, 2024, and September 25, 2024. Docs. [1], [6], [9]-[12], [14]-[16], [18]-[21]. The vast majority of Plaintiff's claims center around his disagreement with the treatment offered at Cape Girardeau County Jail for his diabetes, but he also asserts a myriad of other claims that do not relate to his diabetes treatment.[2] Plaintiff seeks compensatory damages.

## DISCUSSION

Having thoroughly reviewed and liberally construed Plaintiff's complaint, the Court concludes it is subject to dismissal. However, considering Plaintiff's self-represented status, the Court will allow him to submit an amended complaint.

---

[1] The Court will direct the Clerk to modify the spelling of Dr. Unknown Pruitt's name on the docket. The Clerk will also be asked to add the following five defendants to the Court's docket: (1) Nurse Norma Unknown; (2) Nurse Robial; (3) Nurse Melissa Unknown; (4) Nurse Tracy Unknown; (5) Deputy Unknown Mykrick; and (6) Deputy Unknown Elfrink.

[2] Plaintiff asserts the following: (1) Plaintiff slipped and fell in the shower after Jail officials refused to fix a leak in the shower; (2) Plaintiff suffered a back injury after falling in the shower and Jail officials refused to provide medication or physical therapy; (4) Plaintiff disagrees with the Jail's policy of charging for medicine; (5) Plaintiff wishes to bring claims on behalf of other diabetics at the Jail because they are not receiving proper treatment; (6) the Jail acts with deliberate indifference by failing to provide monitoring tests for diabetics such as A1Cs, ketone testing, and kidney testing; (7) Plaintiff disagrees with the Jail's decision to provide him a diabetic treatment that he cannot take because of his allergies; (8) the court in his criminal case imposes high bonds on misdemeanor charges, although he does not indicate that he has been charged with a misdemeanor; (9) a number of perceived violations of his Sixth Amendment right to counsel in his ongoing criminal case; (10) Jail officials have violated Plaintiff's First Amendment rights by reading his correspondence to and from the Missouri and Federal Courts and the Missouri Bar Association; (11) African American detainees are discriminated against at the Jail; (12) Plaintiff was unlawfully denied the right to file a grievance; (13) Plaintiff was retaliated against by unnamed Jail employees for exercising his grievance rights; (14) there is a conspiracy between Cape Girardeau Court employees and Jail employees to deny Plaintiff his due process rights during his criminal trial; (14) he was retaliated against by unnamed Jail employees on unspecified days in retaliation for filing a civil lawsuit; (15) the Cape Girardeau County Jail is overcrowded; (16) he has been denied dental and medical care as well as the special food he requires as a diabetic; (18) it is cruel and unusual punishment to place Plaintiff in a holding cell with individuals that are sick with covid or tuberculosis; and (19) Plaintiff is forced to sleep on the floor. *See* Docs. [1], [6], [9]-[12], [14]-[16], [18]-[21].

I.     **Individual Capacity Claims**

Plaintiff indicates he is bringing this action against Defendants Ruth Ann Dickerson (the Sheriff) and Richard Russian (the Jail Administrator) in their individual capacities but fails to explain how those individuals are personally responsible for any of the alleged constitutional violations.  Naming a defendant in the caption is not enough; Plaintiff must allege facts demonstrating the personal responsibility of the defendant.  *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability pursuant to 42 U.S.C. § 1983 "requires a causal link to, and direct responsibility for, the deprivation of rights").

Plaintiff has not brought this action against the other Defendants in their individual capacities.  When a plaintiff does not specify whether the defendant is being sued in his personal or official capacity, the Court interprets the complaint as including only official capacity claims.  *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995).  That pleading requirement is strictly enforced by the Eighth Circuit.  *See Murphy v. Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997).  If Plaintiff wishes to sue the remaining Defendants in their individual capacities, Plaintiff must specifically say so in the amended complaint and must allege facts connecting each Defendant to the challenged action.  *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).  Plaintiff's amended complaint must contain the "'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016).

II.    **Official Capacity Claims**

Plaintiff's complaint also fails to state a claim against Defendants in their official capacities.  "A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).  All Defendants appear to be employees of Cape Girardeau County Jail, but jails are not legal entities that can be sued under 42 U.S.C. § 1983.  *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit").  And if Cape Girardeau County is substituted as Defendants' employer, Plaintiff still fails to state a claim.  While a local governing body such as Cape Girardeau County can be sued directly under 42 U.S.C. § 1983, Plaintiff must allege that his civil rights were violated as a result of an official municipal policy, an unofficial custom, or

4

a deliberately indifferent failure to train or supervise. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Plaintiff has not alleged that Cape Girardeau County has an unconstitutional policy or custom that makes it liable for the alleged violations of his constitutional rights.

### III.   Joinder Issues

Plaintiff improperly asserts multiple unrelated claims against multiple defendants. His statement of claim ranges from complaints about his diabetic treatment to his care after a slip and fall, all the way to overcrowding concerns at the Jail. A plaintiff may join in one action as many claims as he has against a single defendant. Fed. R. Civ. P. 18(a). When multiple defendants are named, the Court must consider whether the defendants are properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure. *See Intercon Rsch. Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982). Under Rule 20(a)(2), a plaintiff may join multiple defendants in one action only if he asserts a right to relief against them that arises from the same transaction or occurrence, or series of transactions or occurrences, and presents common questions of law or fact. Unrelated claims against different defendants belong in different suits.

Plaintiff must amend his complaint to choose whether he would like to sue one defendant who he believes is responsible for multiple claims or sue multiple defendants for one claim, such as deliberate indifference to his diabetic needs. He cannot, however, add multiple separate claims for relief and sue multiple defendants for those claims.

### INSTRUCTIONS FOR AMENDING THE COMPLAINT

An amended complaint will replace the original complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A). Plaintiff will not be allowed to supplement his complaint by interlineation or supplementation, as he has attempted to do in the past. The Court expects all of Plaintiff's claims to be within his amended complaint.

In the "Caption" section of the form, Plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a). Plaintiff must avoid naming a person as a defendant unless that person is directly related to his claim. Plaintiff must specify the capacity in which he

sues each defendant.  As explained above, Plaintiff's failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name.  In separate, numbered paragraphs under that name, Plaintiff should:  (1) set forth the factual allegations supporting his claim against that defendant, and (2) state what constitutional or federal statutory right(s) that defendant violated.  If Plaintiff is suing more than one defendant, he shall proceed similarly with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.  No introductory or conclusory paragraph is necessary.  Plaintiff is advised to avoid including unnecessary detail in the amended complaint.  Plaintiff will have the opportunity to present evidence and argument in support of his claims if this case proceeds to the next stage of litigation.

If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).  As explained above, if Plaintiff names more than one defendant, he may include only claims that arise out of the same transaction or occurrence—that is, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).  Plaintiff may file a separate civil action to assert any unrelated claim or claims.  If Plaintiff chooses to do so, he must pay the filing fee or file a motion for leave to proceed *in forma pauperis*.

Plaintiff must allege facts explaining how each defendant was personally involved in or directly responsible for harming him.  *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990).  Plaintiff must explain the role of each defendant so the defendant has notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)) ("The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'").  The "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

## MOTION TO APPOINT COUNSEL

Plaintiff has also filed two motions for appointment of counsel, which are denied without prejudice.  An indigent litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v.*

*Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Id*. (citation omitted) (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)) (citing 28 U.S.C. § 1915(e)). When determining whether to appoint counsel for an indigent litigant, a court considers such factors as "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id*. (quoting *Phillips*, 437 F.3d at 794).

On review of the factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has yet to file a complaint that survives initial review. Moreover, there is no indication that Plaintiff is unable to present his claims, and neither the factual nor the legal issues in this case appear to be complex. Because the Court recognizes that circumstances may change, the motion is denied without prejudice, meaning that the Court will consider future motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall modify the spelling of Dr. Unknown Pruitt's name on the docket.

**IT IS FURTHER ORDERED** that the Clerk shall add the following six Defendants to the Court's docket: (1) Nurse Norma Unknown; (2) Nurse Robial; (3) Nurse Melissa Unknown; (4) Nurse Tracy Unknown; (5) Deputy Unknown Mykrick; and (6) Deputy Unknown Elfrink.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed *in forma pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $61.32 within thirty (30) days of the date of this Order. Remittance should be made payable to "Clerk, United States District Court," and should state: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions stated above within thirty (30) days of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his

7

original filing and will be the only pleading that this Court will review.

    **IT IS FURTHER ORDERED** that Plaintiff's Motions for Appointment of Counsel, Docs. [3], [13], are **DENIED** without prejudice.

    **IT IS FINALLY ORDERED** that Plaintiff's failure to timely comply with this Order may result in the dismissal of this case, without prejudice and without further notice.

    Dated this 12th day of November, 2024.

                                              SARAH E. PITLYK
                                              UNITED STATES DISTRICT JUDGE